IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RAUL PEREZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 10-0349-WS-N |
| | ) | |
| J. CLARK STANKOSKI, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Perez, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 against his former attorney. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon consideration of the complaint, it is the recommendation of the undersigned that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff alleges that Attorney Stankoski violated his civil rights by entering into a stipulation with the prosecutor at plaintiff's state court criminal trial concerning the admissibility of certain evidence. Plaintiff seeks the following relief: "To hold a hearing whereby the (3) convictions will be ruled void and expunged" as well as an award of damages from the defendant. An action pursuant to § 1983 is not a valid means to seek to void a state conviction. *See* Heck v. Humphrey, 512 U.S. 477 (1994) (§ 1983 action which would invalidate conviction may not be brought until "the conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus… .")[1] However, as this action is due to be dismissed on other grounds, the court need not address this issue in greater detail.

Section 1983, Title 42 United States Code, provides in pertinent part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured …

A claim under § 1983 requires the defendant to be a "state actor" or to be acting "under color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).[2]

The Supreme Court has held that even a public defender—an attorney employed and paid by the state—"does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Attorney Stankoski was not a public defender, but rather was an attorney in private practice. In addressing an evidentiary issue and reaching a stipulation on admissibility of an exhibit, Attorney Stankowski was exercising his professional judgment and performing the traditional functions of counsel. The complaint contains no basis upon which this court might

---

[1] Perez had previously filed a habeas action pursuant to 28 U.S.C. § 2254, *Perez v. Cummins*, 08-0293-WS-C, which was dismissed for failure to exhaust state remedies and for procedural default.

[2] Private persons may be held liable for actions taken as part of a conspiracy with state actors. *See* Tower v. Glover, 467 U.S. 914 (1984). This is not such a case. *See* Polk County v. Dodson, 454 U.S. 312 (1981).

conceivably find that defendant's counsel was acting under color of state law. This defendant is thus not a proper party to a suit brought under § 1983.[3]

Accordingly, it is hereby RECOMMENDED that this action be DISMISSED with prejudice as frivolous.

**See Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.**

DONE this the 13th day of June, 2010.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The court reaches no conclusion on the merits of plaintiff's claims, but upon the amenability of those claims to suit under this federal statute. Plaintiff may be entitled to bring an action for legal malpractice pursuant to state law.

The court also notes that plaintiff was convicted in 2006. The Alabama Court of Criminal Appeals issued its certificate of final judgment on July 11, 2006. The state's two-year limitations period applies to § 1983 actions in Alabama. See Jones v. Pruitt & Mauldin, 876 F.2d 1480, 1483 (11th Cir. 1989). This action was filed on July 8, 2010. There is nothing in the complaint which would suggest any basis for tolling the limitations period for almost two years, sufficient to render this action timely.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial
determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/   Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE